USDC- GREENBELT
'23 NOV 14 AM 9:02

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BRIAN W. HARE, )
)
    Plaintiff, ) Civil Action No. 22-cv-03311-LKG
)
v. ) Dated: November 13, 2023
)
DIVISION OF CORRECTION, *et al.*, )
)
    Defendants. )

## MEMORANDUM OPINION

    While incarcerated at the Patuxent Institution ("Patuxent") in Jessup, Maryland, self-represented plaintiff Brian W. Hare filed the above-captioned action against the Maryland Division of Correction ("DOC"), claiming that he had been assigned to administrative segregation since June 6, 2017, where he continued to be subjected to inhumane conditions of confinement. ECF No. 1. Hare sought removal from administrative segregation and monetary damages. *Id.* at 3. He later supplemented his Complaint to add Patuxent Warden Orlando Johnson as a Defendant and to detail his conditions claims. ECF Nos. 5, 6.

    DOC moved to dismiss the Complaint, or in the alternative, for summary judgment in its favor (ECF No. 18), and Hare opposed the Motion (ECF No. 22). The Court has reviewed the pleadings and finds a hearing unnecessary. *See* Loc. R. 105.6 (D. Md. 2023). DOC's Motion shall be granted in part and denied, without prejudice, in part. The Motion is granted as to Hare's claims for injunctive relief, which will be dismissed as moot. DOC's Motion is denied without prejudice as to Hare's claims for monetary damages. Within 28 days, Defendants shall file a responsive pleading that addresses Hare's Eighth Amendment conditions claims for monetary damages.[1]

### Background

    Hare alleges that on June 6, 2017, he was placed on administrative segregation due to a pending investigation and he remained in that housing assignment until 2022, while suffering

---

[1] Counsel for DOC also entered her appearance on behalf of Warden Johnson but did not file the dispositive Motion on his behalf. *See* ECF No. 18. Therefore, when submitting the renewed responsive pleading, counsel should file it on behalf of both DOC and Warden Johnson.

"inhumane conditions." Complaint, ECF No. 1 at 2. Specifically, Hare states that he was involved in a murder on August 14, 2016, and was informed that following sentencing, he would be placed on the Interstate Corrections Compact ("ICC") for transfer to a different institution. ECF No. 5. Although Hare was sentenced on September 21, 2021, he remained on administrative segregation throughout 2022. *Id.* at 1.

Hare claims that while he was on administrative segregation, there were mice and roaches running around, and he was not given cleaning products for his cell. *Id.* at 5-6. In addition, he was forced to take ice cold showers, the only light in his cell was a night light, he was not given inmate supplies and clothes, and he was kept in lock down for 24 hours a day, with no access to recreation or the ability to earn credits. *Id.* at 6; ECF No. 6 at 2-3.

According to DOC, Hare was transferred out of Maryland through an agreement with another ICC state on April 20, 2023. *See* Decl. of Jennifer L. Schmitt, DOC Dir. of Case Management, ECF No. 18-3.

**Standard of Review**

To defeat a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the complaint must allege enough facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible when the facts pleaded allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Legal conclusions or conclusory statements do not suffice. *Id.* A court must examine the complaint as a whole, consider the factual allegations in the complaint as true, and construe the factual allegations in the light most favorable to the plaintiff. *Albright v. Oliver*, 510 U.S. 266, 268 (1994); *Lambeth v. Bd. of Comm'rs of Davidson Cnty.*, 407 F.3d 266, 268 (4th Cir. 2005). A self-represented party's complaint must be construed liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, "liberal construction does not mean overlooking the pleading requirements under the Federal Rules of Civil Procedure." *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 618 (4th Cir. 2020).

Rule 56(a) provides that summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A dispute is genuine if 'a reasonable jury could return a verdict for the nonmoving party.'" *Libertarian Party of Va. v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013) (quoting *Dulaney v. Packaging Corp. of Am.*, 673 F.3d 323, 330 (4th Cir. 2012)). "A fact

is material if it 'might affect the outcome of the suit under the governing law.'" *Id.* (quoting *Henry v. Purnell*, 652 F.3d 524, 548 (4th Cir. 2011)). Accordingly, "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment[.]" *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original). A court must view the evidence in the light most favorable to the nonmoving party, *Tolan v. Cotton*, 572 U.S. 650, 656-57 (2014) (per curiam), and draw all reasonable inferences in that party's favor, *Scott v. Harris*, 550 U.S. 372, 378 (2007); *see also Jacobs v. N.C. Admin. Off. of the Cts.*, 780 F.3d 562, 568-69 (4th Cir. 2015). At the same time, the Court must "prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat v. Balt. Ravens Football Club, Inc.*, 346 F.3d 514, 526 (4th Cir. 2003) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993)).

## Discussion

Hare asserts that Defendants violated his Eighth Amendment rights when they placed him on administrative segregation from 2017 to 2023 and subjected him to unconstitutional conditions of confinement. ECF Nos. 1, 5, 6. He asks to be transferred to another institution pursuant to the ICC and seeks monetary damages. *Id.* In response, DOC argues that Hare's claims are moot because he has already been transferred out of state. ECF No. 18-1 at 4-5. DOC also avers that Hare fails to state a claim for damages. *Id.* at 5-6.

### I. Claims for Injunctive Relief

Article III of the Constitution limits the judicial power to "actual, ongoing cases or controversies." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990) (citations omitted). "A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III – when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) (internal quotation marks omitted). Because Hare is no longer confined on administrative segregation in a Maryland correctional facility, his claim for injunctive relief, in the form of transfer to another institution, is now moot. *See Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991) (stating that transfer of prisoner moots his Eighth Amendment claims for injunctive and declaratory relief); *Magee v. Waters*, 810 F.2d 451, 452 (4th Cir. 1987) (holding that the transfer of a prisoner rendered moot his claim for injunctive relief). As such, DOC's Motion to Dismiss shall be granted with regard to Hare's claims for injunctive relief.

## II.    Claims for Monetary Damages

The Eighth Amendment proscribes "unnecessary and wanton infliction of pain" by virtue of its guarantee against cruel and unusual punishment. U.S. Const, amend. VIII; *Gregg v. Georgia,* 428 U.S. 153, 173 (1976); *see Estelle v. Gamble,* 429 U.S. 97, 102 (1976). Notably, it "protects inmates from inhumane treatment and conditions while imprisoned." *Williams v. Benjamin,* 77 F.3d 756, 761 (4th Cir. 1996). To be sure, "not all Eighth Amendment violations are the same: some constitute 'deliberate indifference,' while others constitute 'excessive force.'" *Thompson v. Virginia,* 878 F.3d 89, 97 (4th Cir. 2017) (citation omitted). In general, the deliberate indifference standard applies to cases alleging failure to safeguard the inmate's health and safety, including failing to protect inmates from attack, maintaining inhumane conditions of confinement, and failure to render medical assistance. *See Farmer v. Brennan,* 511 U.S. 825, 834 (1994); *Wilson v. Seiter,* 501 U.S. 294, 303 (1991); *Thompson,* 878 F.3d at 97.

To demonstrate that prison officials acted with deliberate indifference, the plaintiff must show that he had been (1) "exposed to 'a substantial risk of serious harm," and (2) that the "prison official must know of and disregard that substantial risk to the inmate's health or safety." *Thompson,* 878 F.3d at 97-98 (quoting *Farmer,* 511 U.S. at 834, 837-38); *see also Shakka v. Smith,* 71 F.3d 162, 166 (4th Cir. 1995) (stating that in order to establish cruel and unusual punishment in conditions of confinement, a prisoner must prove that "the deprivation of [a] basic human need was *objectively* sufficiently serious, and that *subjectively* the officials act[ed] with a sufficiently culpable state of mind").

As to the first prong, the plaintiff must adduce evidence of a "serious or significant physical or emotional injury resulting from the challenged conditions,' or demonstrate a substantial risk of such serious harm resulting from the prisoner's unwilling exposure to the challenged conditions." *Shakka,* 71 F.3d at 166 (quoting *Strickler v. Waters,* 989 F.2d 1375, 1381 (4th Cir. 1993)); *accord De'Lonta v. Angelone,* 330 F.3d 630, 634 (4th Cir. 2003). Thus, "a condition of confinement that is sure or very likely to cause serious illness and needless suffering the next week or month or year" violates the Eighth Amendment, even if "the complaining inmate shows no serious current symptoms." *Helling v. McKinney,* 509 U.S. 25, 33-34 (1993). As to the second prong, plaintiff must show that the defendant knew or recklessly disregarded a known excessive risk of harm to the inmate's health or safety. *See Wilson,* 501 U.S. at 302-03 (applying the deliberate indifference standard to conditions of confinement claims); *see also Thompson,* 878 F.3d at 107. "[T]he test is

4

whether the guards know the plaintiff inmate faces a serious danger to his safety and they could avert the danger easily yet they fail to do so." *Brown v. N.C. Dep't of Corrs.*, 612 F.3d 720, 723 (4th Cir. 2010) (quoting *Case v. Ahitow*, 301 F.3d 605, 607 (7th Cir. 2002)).

DOC argues that Hare's claims for damages should be dismissed because his Complaint is "no more than the very type of 'unadorned, the-defendant[s]-unlawfully-harmed-me accusation[s],' without any 'factual enhancement,' that the Supreme Court cautioned against." ECF No. 18-1 at 5-6 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) and *Iqbal*, *supra*). The Court disagrees. In Hare's Complaint and supplements thereto, he states that he remained in administrative segregation for over a year after he was sentenced in 2021, without any explanation despite his repeated inquiries. While there, he often saw rodents and pests; he was not given cleaning products, supplies, and adequate clothing, in violation of DOC policy; he had no warm water for showers; the only light in his cell was a night light; and he was kept in lock down for 24 hours a day, with no access to recreation or the ability to earn credits. Because DOC offers no meaningful argument with regard to the duration and conditions allegedly endured by Hare while on administrative segregation, the Court shall deny, without prejudice, DOC's Motion as to Hare's claims for monetary damages. Within 28 days, Defendants shall a responsive pleading that addresses these claims.

## Conclusion

DOC's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment is granted, in part, as to Hare's claims for injunctive relief. Those claims are dismissed as moot. DOC's Motion is denied without prejudice as to Hare's claims for monetary damages. Within 28 days, Defendants shall file a responsive pleading that addresses Hare's Eighth Amendment conditions claims for monetary damages.

A separate Order follows.

November 13, 2023
Date

LYDIA KAY GRIGGSBY
United States District Judge